[951 NYS2d 426]

In the Matter of KAREN SMITH CALLANAN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE SEVENTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 19, 2012

## APPEARANCES OF COUNSEL

*Daniel A. Drake, Principal Counsel, Seventh Judicial District Grievance Committee*, Rochester, for petitioner.

*Gerard M. LaRusso*, Rochester, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on October 24, 1983, and maintains an office in Rochester. The Grievance Committee filed a petition charging respondent with acts of misconduct, including neglecting a client matter and failing to cooperate with the investigation of the Grievance Committee. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. The Referee filed a report, which the Grievance Committee moves to confirm. Respondent cross-moves for an order confirming in part and disaffirming in part the findings of the Referee. The parties appeared before the Court on the return date of the motion and cross motion, and respondent was heard in mitigation at that time.

The Referee found that, from October 2008 through May 2009, respondent failed to respond to numerous communications from her client, opposing counsel and Supreme Court regarding a proposed qualified domestic relations order (QDRO) that had been submitted to Supreme Court for approval. The Referee further found that, due to respondent's failure to respond, opposing counsel in May 2009 filed in Supreme Court a motion concerning the proposed QDRO. The Referee additionally found that, although respondent accepted service of the motion on behalf of her client in June 2009, she thereafter failed to respond to numerous inquiries from her client regarding the subject matter of the pending motion, and Supreme Court ultimately approved the QDRO. The Referee found that respondent's client subsequently contacted her and contended that the amounts contained in the QDRO were calculated incorrectly. The Referee further found that, from July 2009 through April 2010, respondent failed to respond to numerous communications from her client and opposing counsel regarding the allegedly incorrect QDRO. Respondent's client filed a complaint with the Grievance Committee in May 2010, and the Referee

found that respondent subsequently failed to respond to numerous inquiries from the Grievance Committee regarding the matter and, in December 2010, she failed to appear for a formal interview before the Grievance Committee.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.1 (a) (22 NYCRR 1200.0)—failing to provide competent representation to a client;

rule 1.3 (a) (22 NYCRR 1200.0)—failing to act with reasonable diligence and promptness in representing a client;

rule 1.3 (b) (22 NYCRR 1200.0)—neglecting a legal matter entrusted to her;

rule 1.4 (a) (2) (22 NYCRR 1200.0)—failing to consult with a client in a reasonable manner about the means by which the client's objectives are to be accomplished;

rule 1.4 (a) (3) (22 NYCRR 1200.0)—failing to keep a client reasonably informed about the status of a matter;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on her fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including her expression of remorse for the misconduct and her long-standing reputation as a zealous and competent advocate on behalf of her clients. We have also considered her statement that, during the relevant time period, her staff failed to convey to her various communications regarding her client's matter and disregarded her instructions at various times by failing to respond to inquiries from her client, opposing counsel, Supreme Court and the Grievance Committee, and that respondent has taken steps to ensure that the misconduct does not recur. We have additionally considered, however, that respondent has previously received numerous letters of caution, some of which were based upon conduct similar to the conduct underlying the charges herein. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

FAHEY, J.P., CARNI, SCONIERS and MARTOCHE, JJ., concur.

Order of censure entered.